UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


RANDY WALKER, A/K/A
DOUGLAS WALKER,

                Petitioner,

v.                              Case No. 3:11-cv-1259-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                Respondents.

_____

**<u>ORDER</u>**

**<u>I. Status</u>**

Petitioner Randy (Douglas) Walker (Inmate Number 637039), an inmate of the Florida penal system, initiated this action on December 20, 2011,[1] by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. In the Petition, Walker challenges the decisions of the Florida Department of Corrections (FDOC) to assign and detain him in close management (CM) confinement. Respondents have submitted a memorandum in opposition to the Petition. <u>See</u> Respondents' Motion to Dismiss

_____

[1] Walker filed the Petition in this Court on December 22, 2011; however, giving Walker the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Walker handed it to the prison authorities for mailing to this Court (December 20, 2011). <u>See</u> Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Walker the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

(Response; Doc. 11) with exhibits (Resp. Ex.). On April 27, 2012, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 9), admonishing Walker regarding his obligations and giving Walker a time frame in which to submit a reply. Walker submitted a brief in reply. <u>See</u> Petitioner's Reply to Motion to Dismiss/Affidavit/Traverse (Reply; Doc. 14) with exhibits (Pet. Ex.). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Like the vast majority of federal habeas petitions, § 2244(d)(1)(A) establishes the limitations period for Walker's claims.

Respondents contend that Walker has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On May 20, 2009, Walker filed a petition for writ of habeas corpus and supporting memorandum of law in the Circuit Court for the Eighth Judicial Circuit in and for Union County, Florida. Resp. Ex. 2. The circuit court transferred the case to Bradford County, Florida, on July 6, 2009. Resp. Ex. 1. In the petition and memorandum, Walker asserted that the FDOC denied his Fourteenth Amendment due process rights relating to CM assignment, retention and reviews. He also complained about his transfers between institutions, false disciplinary reports, and the conditions of his CM confinement. As relief, Walker sought

immediate release into the prison's general population. On July 31, 2009, the circuit court issued an order to show cause, directing the Respondent to demonstrate why the court should not grant Walker's requested relief. Resp. Ex. 3. In response to Walker's petition, Respondent asserted that the FDOC's "continued decision to have [Walker] confined to CM I status is proper," Resp. Ex. 4 at 11, and that Walker received adequate due process in close management assignment and review proceedings, id. at 12-13.

Ultimately, on November 30, 2009, the circuit court dismissed Walker's request for habeas relief. Resp. Ex. 5. In doing so, the circuit court stated in pertinent part:

> This action is before the Court for review of Petitioner's petition for writ of habeas corpus, transferred to this Court on 7 July 2009. This Court has considered the Respondent's response to this Court's order to show cause, as well as Petitioner's reply and all appendices. Petitioner, an inmate in the custody of the Florida Department of Corrections (FDOC), alleges that he was improperly retained on close management confinement status (CM), and seeks immediate release into the general population.
>
> Petitioner was initially assigned to CM in May of 2006 after assaulting a corrections officer. Through the most recent review period, Petitioner continued to incur disciplinary action for assault, spoken threats, and disrespect to officials. At each review period, the record reflects that Petitioner has received notice of hearing and an opportunity to be heard.
>
> Close management is a tool utilized by corrections personnel to maintain security and order in the institution and to facilitate

> effective management of the institution. <u>See</u>
> F.A.C. 33-601.800(3)(a). An inmate may be
> confined to close management if he, in
> pertinent part, participates in "an act
> causing injury, or an act which could have
> resulted in injury to another." <u>See</u> F.A.C. 33-
> 601.800(2)(a)(2)(b). More specifically, "[a]ny
> physical assault on staff shall result in a
> mandatory referral for review for placement in
> CM I status." F.A.C. 33-601.800(2)(a)(2)(c).
> The record reflects that Petitioner has
> engaged in this behavior repeatedly. This
> Court does not find that the FDOC abused its
> discretion in finding that placement of
> Petitioner in close management adequately
> addressed potential institutional security
> concerns stemming from this behavior.

<u>Id</u>. (selected capitalization and emphasis omitted). Walker appealed

the court's denial on December 28, 2009. Resp. Ex. 6, Notice of

Appeal. On March 19, 2010, the Clerk of the Court for the First

District Court of Appeal returned Walker's notice of appeal to him

"unfiled and without action" pursuant to the First District Court

of Appeals' December 22, 2009 opinion in another case (Case No.

1D08-5925).[2] Pet. Ex. 14-8 at 3, Letter, dated March 19, 2010. On

April 20, 2010, the circuit court was notified that the First

District Court of Appeal had returned Walker's notice of appeal.

<u>See</u> Resp. Ex. 1.

---

[2] On December 22, 2009, the First District Court of Appeal
held that Walker's numerous filings in Florida's district courts
warranted prohibiting him from initiating any new pro se actions in
the First District Court of Appeal and directed the Clerk to reject
any future filings submitted by Walker unless signed by a Florida
Bar member in good standing. <u>See</u> <u>Walker v. Ellis</u>, 28 So.3d 91 (Fla.
1st DCA 2009); Resp. Ex. 7. The court denied Walker's motion for
rehearing on February 12, 2010. <u>See</u> <u>id</u>.

Respondents assert, see Response at 17-19, and this Court agrees, that Walker's December 20, 2011 Petition is untimely filed. On this record, it appears that the federal limitations period started to run on April 20, 2010. Thus, Walker had one year from April 20, 2010, to file the federal petition (April 20, 2011). His Petition, filed on December 20, 2011, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

Walker asserts that his December 20, 2011 Petition is timely filed because he "initially" filed a pro se federal petition in the United States District Court for the Northern District of Florida on May 24, 2010. Reply at 1, 10; Pet. Ex. J at 6. In that case (Case No. 1:10-cv-97-MP-GRJ), Walker challenged the FDOC's decision to classify and retain him as a close management inmate. When Walker failed to file an amended petition as directed by the Court, the Court dismissed his petition without prejudice on February 15, 2011. Petition at 44-46, exhibit, Order; see Case No. 1:10-cv-97-MP-GRJ, Order (Doc. 15). The United States Court of Appeals for the Eleventh Circuit dismissed Walker's appeal for lack of jurisdiction on August 12, 2011, stating: "Appellant's June 3, 2011, notice of appeal from the district court's February 15, 2011, order is untimely." Case No. 1:10-cv-97-MP-GRJ, Order (Doc. 36). The pendency of Walker's federal habeas petition in Case No. 1:10-cv-97-MP-GRJ did not toll the running of the federal limitations

period. The federal limitations period is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitations period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitations period under § 2244(d)(2)).

Given the record, Walker's December 20, 2011 Petition is untimely filed, and due to be dismissed unless Walker can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157-58 (11th Cir. 2014). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014) (internal quotation marks omitted). The burden is on Walker to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will

7

not be easily surmounted. <u>Howell v. Crosby</u>, 415 F.3d 1250 (11th Cir. 2005); <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Here, Walker simply has not met the burden of showing that equitable tolling is warranted.

Walker has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Walker seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Walker "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.   The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.   If Walker appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of November, 2014.


MARCIA MORALES HOWARD
United States District Judge




sc 11/24
c:
Randy Douglas Walker, Inmate #637039
Ass't Attorney General (Garland)

10